**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

April 18, 1989.

### ORDER

GESELL, District Judge.

Re: *Motion (# 4) of Defendants for a Declaration that Section 5 of CIPA and the Protective Order Entered April 15, 1988 Are Unconstitutional As Applied.*

This motion was originally filed on April 29, 1988 at an early stage of the case. It has been briefed and argued several times at various stages of the pretrial proceedings when difficulties were encountered in accommodating previous classification decisions with evidentiary needs. On each occasion, however, the problems presented were resolved in a manner that led the Court to conclude that procedures consistent with the Classified Information Procedures Act (CIPA) were not infringing on defendant's constitutional right to a fair trial.

Now that the trial of defendant North has come to an end it is abundantly clear that CIPA, as applied under scores of rulings by the Court, has not denied defendant North his right to a fair trial. It has caused some delay, occasional confusion as to the status of a document and required trial counsel to accept substitutes in some instances, but in this case, due in part to the professional skill of trial counsel on both sides, these difficulties have not impeded the development of evidence before the jury.

CIPA was ill-suited to a case of this type and amendments are needed to recognize practical difficulties. For some instances, the Court followed procedures which were not in strict accord with the statutory

framework to expedite resolution of unusual problems that arose. Fortunately, CIPA is a procedural statute, and the legislative history of it shows that Congress expected trial judges to fashion creative solutions in the interests of justice for classified information problems. *See* H.R. Conf.Rep. No. 96–1436 (96th Cong., 2nd Sess., 11, 14 (1980), U.S.Code Cong. & Admin.News 1980, p. 4294. The Executive cooperated with the Court by liberally waiving classification objections when to do otherwise might have halted the proceeding and interfered with a fair trial.

The motion is denied as to defendant North.

SO ORDERED.